U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

JUN 2 8 2007

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:04 CR 20145-08 |
| VS. | : | JUDGE MINALDI |
| QUENTRAYEUS REYNOLDS | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court is a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255[doc. 296] filed by the defendant, Quentrayeus Reynolds ("Reynolds").

Procedural History

On November 10, 2004, a federal grand jury returned a 21-count indictment against the defendant and other co-defendants. Reynolds was named in Counts One, Ten and Fourteen. Count One charged him with conspiracy to distribute controlled substances in violation of 21 U.S.C. §846. Count Ten charged him with possession with intent to distribute cocaine base on November 15, 2002. Count Fourteen charged him with distribution of cocaine on January 24, 2003.

On August 19, 2005, the defendant pleaded guilty to Count One pursuant to a written plea agreement. On March 7, 2006, Reynolds was sentenced to 240 months imprisonment. Counts Ten and Fourteen were dismissed. The Judgment was entered March 9, 2006. No direct appeal was taken.

On April 12, 2007, a motion to vacate, set aside or correct sentence under 28 U.S.C. §2255 was filed. This motion was docketed April 13, 2007.

Law

28 U.S.C. §2255 states that a defendant has one year from the date on which his judgment becomes final to file his §2255 motion. Fifth Circuit cases make it clear that a judgment is not final within the meaning of the Controlled Substances Act until the time for seeking discretionary review of the conviction has elapsed.[1] Fed.R. App. P. Rule 4 allows the defendant ten days from the date of the entry of judgment to file a discretionary appeal.[2]

The Judgment in this case was entered March 9, 2006. The Judgment was final March 23, 2006. Reynolds had one year from March 23, 2006, to file his §2255 motion. On the last page of his motion Reynolds declares that the motion was executed on February 13, 2006. The postmark on the envelope in which this motion was sent states that it was mailed on April 4, 2004. The motion was not received and docketed until April 12, 2007. This motion is clearly untimely.

The court recognizes that there is a "mailbox rule" applicable to §2255 motions. "The prison mailbox rule ... holds that a *pro se* prisoner's [filing] will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents."[3] An inmate can establish the date on which he gave the papers to be filed with the court to a prison official in one of two ways. First, if the prison has a legal mail system, then the prisoner must use it as the means of proving compliance with the mailbox rule. The second mechanism for

---

[1] *Smith v. Gonzales* 468 F.3d 272, 277 (C.A.5, 2006).

[2] Fed. R. Crim. P 45 excludes Saturdays, Sundays and legal holidays from any period less than 11 days.

[3] *Price v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir.2005) (internal citations omitted); *see also United States v. Gray*, 182 F.3d 762, 765 n. 4 (10th Cir.1999) (holding that prison mailbox rule applies to § 2255 motions).

establishing a filing date for purposes of the mailbox rule must be used if the inmate does not have access to a legal mail system-or if the existing legal mail system is inadequate to satisfy the mailbox rule. In either of these circumstances, the mandatory method by which a prisoner proves compliance with the mailbox rule is to submit a declaration in compliance with 28 U.S.C. § 1746 or notarized statement setting forth the [filing's] date of deposit with prison officials and attest that first-class postage was pre-paid.[4] In the case at bar, the defendant did not attach a declaration or notarized statement indicating the date of deposit and pre-payment of first-class postage. Additionally, the Government introduced evidence of a legal mail system which was operational at Oakdale, but was not used by the defendant.

Accordingly, Reynolds is not entitled to the benefit of the mailbox rule and his §2255 motion will be denied as untimely.

Lake Charles, Louisiana, this 20 day of June, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[4] U.S. v. Fredette 191 Fed.Appx. 711, *713-714, 2006 WL 2277989,**2 (C.A.10 Wyo., 2006).